## THE ALEXANDER.

### PACIFIC TRADING CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 29, 1896.)

#### No. 182.

ALASKAN FUR FISHERIES—JURISDICTION OF UNITED STATES IN BEHRING SEA.
By the award of the arbitrators under the treaty between the United States and Great Britain it was settled that the United States have no jurisdiction to forbid the killing of fur-bearing animals in the waters of Behring Sea more than three miles from the shore. The La Ninfa, 75 Fed. 513, followed. 60 Fed. 914, reversed.

Appeal from the District Court of the United States for the District of Alaska.

Andros & Frank, for appellant.
Chas. A. Garter, for the United States.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is an appeal from a decree of forfeiture of the schooner Alexander for killing sea otter and seal in violation of the provisions of section 1956 of the Revised Statutes, as amended March 2, 1889. The fourth finding of the court is to the effect that the vessel, her master, officers, and crew, did, on the 5th day of June, 1893, kill two sea otters within 11 miles of the shore of Tugidak island. The fifth finding is to the effect that the vessel, her master, officers, and crew, on the 13th day of June, 1893, did kill one sea otter, and on the 25th of June, 1893, did kill six sea otters and one fur seal, within certain degrees of latitude and longitude, therein mentioned. The sixth finding is that none of the animals mentioned in finding 5 "were actually killed within four marine leagues of any shore of Alaska territory, but they were all killed between the mainland of the Alaska peninsula and a line drawn from the southern end of Tugidak island to Chirikoff island, thence in the direction of the mainland through

the Semidi group, and on to touch Sutkwik island, and thence to the mainland." It thus appears that all the animals when killed by the officers and crew of the Alexander were at a point distant more than three miles from the shore. This fact brings the case within the principles announced in La Ninfa (just decided) 75 Fed. 513. Upon the authority of that case the decree of the district court is reversed, and the cause remanded, with instructions to the district court to dismiss the bill.